UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSE SAUCEDA-CONTRERAS,<br><br>               Petitioner,<br><br>     v.<br><br>MARION SPEARMAN, Warden,<br><br>               Respondent. | No. SA CV 15-1117-JAK (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS BARRED BY THE EXPIRATION OF THE STATUTE OF LIMITATIONS** |

**I.**

**BACKGROUND**

Petitioner, through counsel, initiated this action on July 8, 2015, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."), along with a Memorandum of Points and Authorities in support of the Petition. The Petition challenges petitioner's November 26, 2008, conviction in the Orange County Superior Court in case number 07NF0170, of first degree murder (Cal. Penal Code § 187(a)). (Pet. at 2).

Petitioner alleges four grounds for relief: (1) the trial court erroneously admitted petitioner's statements taken by the police who ignored his unequivocal invocation of his rights to counsel and to remain silent; (2) without petitioner's statement, the respondent did not establish a corpus

delecti or cause of death; (3) instructing the jury with CALCRIM number 362 impermissibly permitted the jury to draw inferences of guilt; and (4) cumulative error. (Pet. at 5-6).

## II.

## **DISCUSSION**

The instant Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[1] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As stated above, petitioner was convicted pursuant to a jury trial on November 26, 2008. (Pet. at 2). Petitioner appealed to the California Court of Appeal, and on February 16, 2011, the court of appeal reversed petitioner's conviction on the ground that the police violated his Miranda[2] rights. (Pet. at 2-3). On November 26, 2012, after the California Supreme Court reversed the decision of the California Court of Appeal (People v. Sauceda-Contreras, 55 Cal. 4th 203 (2012)), the court of appeal affirmed petitioner's conviction. (Pet. at 3). Petitioner's petition for review in the California Supreme Court was denied on March 13, 2013, without comment or citation to authority (id.), and his conviction became final on June 11, 2013, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Thus, the one-year limitation period for seeking federal habeas relief began to run on June 12, 2013, and expired on June 11, 2014.

On its face, therefore, it appears that the instant Petition, filed on July 8, 2015, is barred by the statute of limitations.

/

---

[1] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

## III.

## ORDER

Based on the foregoing, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as time barred.

Specifically, **no later than August 7, 2015**, petitioner must submit to the Court a response to this Order to Show Cause making clear his arguments, if any, as to why the Petition should not be dismissed as time barred.

**Failure to respond by August 7, 2015, may result in the instant Petition being summarily dismissed with prejudice as barred by the statute of limitations**.

DATED: July 20, 2015

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE